Joseph A. Suozzi, J.
In this action, tried by the court without a jury, the plaintiff prays for a judgment declaring that the defendant, by virtue of a policy of insurance, is obligated (1) to defend the plaintiff in an action brought against it by one Carolyn Budnik, and (2) to pay any judgment obtained against the County of Nassau by said Carolyn Budnik. The defendant admits the issuance of a policy, but denies coverage of the risk involved in the action by Carolyn Budnik against the County of Nassau. Defenses pleaded on other grounds were withdrawn either expressly or impliedly (by a failure to urge the same) on the trial.
To determine this action it is necessary to know (1) what is the basis of the claim by Carolyn Budnik against the county, and (2) what does the policy provide as to risks covered.
Carolyn Budnik is the administratrix of the estate of James Lawrence Budnik. The decedent prior to his death on April 1, 1955 had been an employee of a painting subcontractor doing work under County Contract No. 977-L. The general contractor was Mechanical Installations, Inc. The work to be done under the aforesaid contract involved repairs and improvements to the old Nassau County Courthouse and Jail. While using an elevator between the basement and the yard adjacent to the jail, the decedent sustained the injuries which allegedly caused his death.
It is alleged in paragraph “ Sixteenth ” of the complaint in the action by Carolyn Budnik, as administratrix, against the county that the county was negligent in “permitting said elevator to be erected and/or maintained in a defective and dangerous manner; in failing to provide adequate supervision of said dangerous and defective elevator; in failing to provide decedent with a safe place to work; in violating the usual customs pertaining to the aforesaid work; in failing to supply warning or notice of the dangerous condition of said elevator to those directed to use same, and more particularly the decedent herein; in that said dangerous and defective condition was allowed to remain for a long and unreasonable length of time; in permitting the decedent to use the aforesaid elevator; in permitting the decedent to use the aforesaid elevator for the purpose of carrying and moving equipment and objects; in permitting others to use the said elevator for the aforesaid purpose; in directing the decedent to use the said elevator; in directing the decedent to use the said elevator for the purpose of carrying equipment, tools and other objects; * # * in placing decedent in a position of peril; and in creating and maintaining said condition which was a menace to the life and *580 limbs of persons lawfully using same and in being careless, reckless and negligent under the circumstances.”
Pursuant to Contract No. 977-L, insurance was to be obtained by the general contractor (1) to protect the general contractor and his subcontractors performing work at the site from claims for bodily injury, death, and property damage and (2) to furnish “ owner’s contingent public liability and contingent property damage insurance protecting the County of Nassau [the named insured] against claims arising from the operations of the contractor and his subcontractors ” (art. XIII, subds. 2, 3; emphasis supplied). The policy, with the county as named insured, reveals that the hazard insured against was that titled “ 6. Independent Contractors ”, and it further reveals under “ Definition of Hazards ” that by “ Independent contractors ” the hazards covered were ‘ ‘ operations performed by independent contractors and omissions or supervisory acts of the insured in connection with work performed for the named insured by independent contractors during the policy period, except maintenance or ordinary alterations and repairs on premises owned or rented by the named insured ”. The policy also clearly reveals that no premium was paid for elevator hazards.
In view of the fact that (1) the decedent was injured on an elevator which was not a site where either the general contractor or the subcontractors were performing any work, (2) the elevator hazards were not included in the policy coverage, and (3) the negligent acts charged by Carolyn Budnik against the county are those of the county and not of the general contractor or subcontractors, it must be held that the defendant is under no duty to defend the plaintiff or to pay any judgment obtained against the plaintiff in the action against the County of Nassau by Carolyn Budnik. Complaint dismissed, with costs.