Michael A. Castaldi, J.
Plaintiffs sue to recover the sum of $1,200 representing the alleged value of a diamond ring owned by plaintiff Marjorie Tulis, daughter of the plaintiff Olga Milstein. The ring was stolen as part of a burglary that occurred on April 16, 1964 in the apartment of the plaintiff Tulis. As against the defendant insurance company, plaintiffs allege that the ring was duly covered against loss under the terms of a policy of insurance issued by the company. As against the defendant insurance broker, Samuel Ortner, plaintiffs predicate liability in that the broker was allegedly negligent in failing to properly insure the subject ring. The defendant Ortner asserts as a separate defense that plaintiffs’ property was duly covered by insurance under the policy issued by the insurance company, and that if judgment be recovered against Ortner, he asks for judgment over against the defendant Indemnity Marine Assurance Company, Ltd. The defendant insurance company denies liability, claiming that under the *650 circumstances here presented, there was no coverage under its policy.
By statements dictated into the record in open court, the parties have agreed upon all of the material facts. Counsel for the respective parties also stipulated to waive a jury trial. Of primary consideration is the scope and effect of a provision in the policy of insurance known as a “ Personal Articles Floater Policy ” issued by defendant insurance company. The provision in question reads: “This Policy covers only with respect to such and so many of the following classes of property as are indicated by a specific amount of insurance applicable thereto, and a premium therefor, which property is owned by or in the custody or control of the Assured and members of the Assured’s family of the same household.”
The parties differ as to the meaning and applicability of the quoted provision. Their respective contentions can be best understood in the light of the agreed facts. On July 5, 1961 the defendant insurance company issued its ‘ ‘ Personal Articles Floater Policy ” to the plaintiff Olga Milstein, whereby “ One Grey Persian Lamb Coat” was insured against loss in the declared amount of $500. The policy was for a term of three years expiring July 5, 1964. Effective September 4, 1962 an indorsement to the same policy was issued whereby jewelry consisting of “ One Lady’s Platinum Diamond Solitaire Ring ” of the value of $1,200 was insured against loss for an additional premium of $44.54. The indorsement was obtained by the defendant insurance broker, Ortner. It appears that the broker was informed by the plaintiff Milstein that the ring in question was an engagement ring for her daughter, Marjorie.
Prior to and ever since the issuance of the policy to the plaintiff Olga Milstein, she resided at 1149 Beach 12th Street, Far Rockaway, Queens. At all times until her marriage in June, 1963, the plaintiff Marjorie Tulis resided with her mother, the plaintiff Milstein, at the Far Rockaway address. In June, 1963, the daughter, Marjorie, was married and moved to an apartment at 66-15 Thornton Place, Rego Park, Queens, which she occupied with her husband. On April 16, 1964 the Rego Park apartment was burglarized and the subject ring was stolen.
The insurance company rests its case on the above-quoted provision of its policy. It urges that when the ring was stolen, the daughter Marjorie was not “ a member of the assured’s family of the same household.” The essence of the insurance company’s argument is contained in page 4 of its memorandum submitted to the court. 'Counsel for the company argues: “It is not to he overlooked that although the ring was insured *651 while the daughter resided with her mother and was a member of ‘ the assured’s family of the same household ’, such insurance protection on the ring lapsed, terminated, and was removed from coverage, when at a later date, June 2, 1963, she married and thereafter took up her own quarters with her husband at their own abode, and thus established her own household.”
In Schlueter v. Manhattan Fire & Mar. Ins. Co. (18 A D 2d 167), the court considered and rejected the argument that is akin to the very contention advanced by the insurance company in the case at bar. Schlueter similarly involved a “ Personal Articles Floater Policy ’ ’ which contained a provision that is identical with the text contained in the provision of the policy quoted supra, now before this court. In rejecting the specific contention that plaintiff was not entitled to recover under the policy because she was not a member of the assured’s family of the same household at the time of loss, Mr. Justice McNally, speaking for a unanimous court, stated at page 169: 1‘ The predominant purpose and intent of the parties to the insurance policy was to provide for indemnity against loss of the property specifically scheduled. As to such property the provision that it ‘ is owned by or in the custody or control of the Assured and members of the Assured’s family of the same household ’ serves by description to include plaintiff as an insured. The name of the insured need not appear on the face of the policy; it is enough that it describes the person for whose benefit the insurance is obtained.”
And further (p. 169): “ Here the policy is one for indemnity against any loss in respect of a specific violin without restriction to the address of the assured and there is no provision limiting the liability to a relative residing with the assured at the time of the loss.”
Counsel for the insurance company in the instant case seeks to dilute the force of the holding in Schlueter by pointing out some factual differences in the two cases. Mindful that there are some factual differences, this court is nevertheless of the view that the rationale of the opinion in Schlueter is compellingly applicable to the situation here presented, and is dispositive of the arguments advanced by the defendant insurance company. The common denominator of Schlueter and the instant case is that each involves a floater type policy of insurance and the predominant purpose of such insurance is to provide indemnity for loss of property specifically scheduled “ without restriction to the address of the assured”, there being no provision in the policy “ limiting the liability to a relative residing with the assured at the time of the loss.”
*652 It may be pointed out further that the policy herein contains no provision requiring the insured property to be owned by a member “ of the same household ” at the time of loss. Ñor was the coverage of the ring limited to a stated and specified address. Bather, under the heading of 1 ‘ Territorial Limits ’ ’, the policy provides that ‘ ‘ this insurance covers wherever the property may be located. ’ ’
An exclusion or limitation of liability as here sought by the insurance company is not favored by the courts unless such intention is apparent from the language employed in the insurance contract. (Baldinger v. Consolidated Mut. Ins. Co., 15 A D 2d 526, affd. 11 N Y 2d 1026; Aetna Cas. & Sur. Co. v. General Cas. Co., 285 App. Div. 767, 770; Shneiderman v. Metropolitan Cas. Co., 14 A D 2d 284, 289.)
Lastly, this court invokes the well-established rule that if there be doubt or uncertainty as to the meaning of language in the policy, any resultant ambiguity is to be resolved against the insurance company. Here, the lawyers for the respective parties ‘ ‘ honestly differ ” as to the meaning, interpretation and construction of a pivotal provision in the insurance policy. Under such circumstances, the rule of strict construction against the insurer is especially applicable. (Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 577-578; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49-50; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51, 55; Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545, 551-553.)
For all of the reasons above stated, the court concludes that the defendant the Indemnity Marine Assurance Co., Ltd., is liable under its policy for the loss of the plaintiffs’ ring. Consistent with this holding, the cause of action against the defendant Ortner is dismissed. In accordance with the stipulation of the parties, this decision is confined to the issue of liability. If the parties agree as to the value of the subject ring, the court directs the entry of an appropriate judgment in favor of plaintiffs, in accordance with the decision herein, supplemented by a written stipulation covering the value of the ring. If the parties are unable to agree as to the value of the ring, the case is set down for trial before this court without a jury on September 15, 1966 at such Trial Part of the court where he may then be presiding. Such trial, if held, will be limited to the issue of quantum of damages to be assessed against the defendant insurance company. Upon the determination of that issue, judgment may then be entered in favor of plaintiffs.