■ GREAT AMERICAN INSURANCE COMPANY, Appellant, v. LONDON RECORDS, INC., et al., Respondents, et al., Defendant.—

The facts are fully set forth in the dissenting memorandum of this court. We are of the opinion, however, that the exclusionary clause relied upon by the plaintiff does not relieve it from its duty to defend in the *Fernandez* action. That clause provides that " 2. This insurance does not apply * * * (d) to injury sustained by any person who is an employee of the named insured at the time of the offense causing the injury." Hence, the policy excludes coverage

only in relation to one who was "an employee * * * at the time of the offense causing the injury." The complaint in the *Fernandez* action clearly contains separate causes of action based upon separate acts which occurred long after termination of Fernandez' employment. Based upon such complaint it would be possible for a jury to find for plaintiff (Fernandez) solely on the basis of events occurring after his discharge and without reference to events which took place earlier during the course of his employment. Since the complaint in the *Fernandez* action alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy, the insurer must defend (see *Prashker* v. *United States Guar. Co.*, 1 N Y 2d 584).

The plaintiff urges that the phrase contained in the exclusionary clause — "offense causing the injury" — refers to the act of the employee giving rise to the hazards of false arrest, false imprisonment, etc., and hence there is no coverage since the act of the employee occurred during the time of his employment. A fair reading of the policy and with reference to the other exclusionary clauses indicates that such phrase referred to acts of the *insured* which caused the injury. In any event, if at best there be any ambiguity in the exclusionary clause, such must be resolved against the insurer and in favor of the insured. (*Sincoff* v. *Liberty Mut. Fire Ins. Co.*, 11 N Y 2d 386.)

Moreover, the position that the exclusion applies to all acts taken by the insured even after termination of the employment is certainly not within the strict wording of the exclusionary clause and the insurer has not carried its burden of proving that the case comes within the exclusion. (*American Sur. Co. of N. Y.* v. *National Fire Ins. Co. of Hartford,* 25 A D 2d 734.) "To sustain the construction of an exclusion provision in a policy as urged by the insurer, the insurer has the burden of establishing that the words and expressions used not only are susceptible of that construction, but that it is the only construction which can be fairly placed thereon." (29 N. Y. Jur., Insurance, § 623, p. 616.)

Accordingly, the order entered May 21, 1968 directing plaintiff to defend the *Fernandez* action should be affirmed.

Concur — Eager, J. P., Nunez and Tilzer, JJ.; Steuer, J., dissents in the following memorandum:

STEUER, J. (dissenting). By this action plaintiff seeks a declaratory judgment that it is not required to defend nor to pay any possible judgment against the respondents, its insureds, in a particular action. Trial Term found that plaintiff was obligated to defend the action and left the question of liability for payment of any possible judgment for later determination dependent on what was established in the underlying action.

It appears that plaintiff issued its policy of insurance to defendants insuring them from claims of bodily injury. Included within the definition of "bodily injury" was any claim for "False arrest, malicious prosecution, or wilful detention or imprisonment." The policy was in full force and effect during the period in question. The policy contained an exclusion, reading: "This insurance does not apply: * * * (d) to injury sustained by any person who is an employee of the named insured at the time of the offense causing the injury."

One Benny Fernandez brought an action against defendants for false arrest and malicious prosecution. It appears from the complaint in that action that on June 25, 1966, Fernandez was an employee of the defendants and was accused by them of stealing certain property. He was arrested and imprisoned that same day. Three days later he was formally discharged. Thereafter, on August 9, Fernandez, after a hearing, was held for the Grand Jury. He alleges that the holding was occasioned by false testimony authorized by defendants.

Thereafter, on September 9, it is alleged Fernandez was indicted, this also on false testimony authorized by the defendants. On March 22, 1967, it was moved that Fernandez be discharged on his own recognizance, and on April 13 he successfully moved to dismiss the indictment.

Trial Term concluded that some of the acts alleged in the Fernandez complaint are subsequent to his discharge and that consequently he was not an employee at that time and his claim as regards those acts does not come within the exception of the policy. It is submitted that this represents an entirely unrealistic reading of the policy and one which contravenes the canon of interpretation universally accepted, namely, that a policy is to be read as the usual businessman would read and understand it (*Harris* v. *Allstate Ins. Co.,* 309 N. Y. 72, 75).

Using that standard it is patently clear that the policy insures against claims for false arrest and malicious prosecution but not for such claims advanced by an employee of defendants. Fernandez, according to his complaint, was an employee at the time his cause of action arose. While there is a technical possibility that the acts alleged to have occurred after the termination of his employment might constitute independent grounds of action rather than continuing effects of the original tort, that is not how a nonlegal mind would regard the claim. Fernandez sued for a wrong done him arising out of his employment. That wrong for the purposes of the policy cannot be fragmented to produce a result directly contradictory to what the parties to the policy had in mind. What the policy says clearly to all except the legalistic mind is that we, the insurer, will defend and indemnify you against claims for false arrest, but if you want to take action against one of your own employees the responsibility is yours alone. And that, according to the proof, is exactly what happened.

Of course there is a distinction between the obligation to defend and that to pay (*Goldberg* v. *Lumber Mut. Cas. Ins. Co.,* 297 N. Y. 148). That distinction arises when it cannot be said whether an asserted claim does or does not come within the coverage of the policy. In such cases there would be an obligation to defend and the obligation to pay would depend on what was established. This is not such a situation. Here, if the allegations of the Fernandez complaint were established *in toto* there would be no obligation to pay and, hence, no obligation to defend.