Eugene W. Bergin, J.
Plaintiff, a member in good standing of the Volunteer Fire Department of Livonia Fire District Number 2, was called to the Conesus Lake Nursing Home, together with other members of the fire department to protect and return fire hoses which had become frozen due to extremely cold weather. Plaintiff suffered a "heart attack” caused by the strain of lifting several sections of the frozen hose while being exposed to high winds and extremely low temperatures. Plaintiff brought suit upon a "Blanket Acci *486 dent” insurance policy issued by the defendant company to the fire district. The defendant appeals to this court from a decision and order granting summary judgment to the plaintiff.
The defendant contends that coverage should be denied the plaintiff under provision 1 of the policy. That provision states: "1. The insurance under this Policy shall cover only bona fide volunteer members of the Fire Department, but in any case in which one or more members may be regularly employed by the Fire Department, the Policy shall cover such employees only while actually on duty at fires, while answering an alarm of fire, or while directly returning from fires. By employed members of the Fire Department is meant, those members whose regular occupation is that of fireman and who receives a regular salary for such duties. The members of the Fire Department who receive a nominal fee as a retainer, and are termed volunteer members, are not classified under this Policy as regular employees of the Fire Department.”
Defendant contends that plaintiff was not actually on duty at a fire or answering or returning from a fire and therefore not covered under the terms of the policy. The court finds this position untenable. Policies of insurance are made on printed forms carefully prepared by experts employed by the insurer, and in the preparation thereof the insured has no voice. It is a well-established rule that in construing such policies they should be construed most strongly or strictly against the insurer and liberally in favor of the contentions of the insured. (Gerka v Fidelity & Cas. Co., 251 NY 51, 52; see Milstein v Ortner, 65 Misc 2d 649, affd 36 AD2d 625.) Provision 1 heretofore quoted may limit coverage to "regularly employed” members of the fire department, but in no way limits coverage for volunteer members of the department. The next issue confronting the court is whether the "heart attack” and subsequent disability is "accidental bodily injury” as set forth in the policy. We must first construe the word "accidental”. Whether or not a certain result is "accidental” is usually determined by looking at the injury from the insured’s point of view to whether or not from his point of view the event was unexpected, unusual and unforeseen. (Mansbacher v Prudential Ins. Co., 273 NY 140; Lewis v Ocean Acc. & Guar. Corp., 224 NY 18, 21.) Accidental and bodily injury has been defined as an abnormal condition caused by accident. (Gallagher v Fidelity & Cas. Co. of N. Y., 163 App Div 556, affd without opn 221 NY 664.)
*487 The "heart attack” suffered by the plaintiff, using the construction heretofore set forth, was "accidental bodily injury” and covered under the policy of insurance. (Matter of Masse v Robinson Co., 301 NY 34.) Matters of policy interpretations are matters of law to be decided and determined by the court and not a jury.
There being no issue of fact the decision of the Honorable Reuben K. Davis, City Court Judge of Rochester, New York, granting summary judgment in favor of the plaintiff should be and is hereby in all respects affirmed.