Memorandum. The order of the Appellate Division should be reversed.
 

 Roe and Kenney, doing business as Leslie C. Roe Associates, brought an action against the Poughkeepsie Urban Renewal Agency and others for damages alleged to have been sustained during the modernization of the downtown portion of the City of Poughkeepsie. The Urban Renewal Agency then served a third-party complaint setting forth a claim over against SpoorLasher Co., Inc., the general contractor, and others. In its turn Spoor-Lasher has brought the present action seeking a declaration that Aetna Casualty and Surety Co., its insurer, is obligated both to defend Spoor-Lasher in the third-party action and to pay any judgment which may be rendered against it in that action.
 

 Whether, on what theory and to what extent Spoor-Lasher may ultimately be held liable to the Urban Renewal Agency cannot now be predicted with precision. To the extent that liability proves to be grounded in the hold-harmless provision of the construction contract between the agency and SpoorLasher, the liability will clearly be covered by the policy issued by Aetna to Spoor-Lasher in consequence of the inclusion
 
 in haec verba
 
 of the hold-harmless provision in the insurance policy. On the other hand it may be that the liability of Spoor-Lasher will not be predicated on the hold-harmless provision.
 

 In this circumstance, we conclude that any determination as to the obligation of the insurer to indemnify its insured would now be premature and must await the resolution of the underlying claim. The obligation of the insurance company to defend its insured, however, is separate and distinct. A declaration that there is no obligation to defend could now properly be made only if it could be concluded as a matter of law that there is no possible factual or legal basis on which Aetna might eventually be held to be obligated to indemnify SpoorLasher under any provision of the insurance policy—the duplicate hold-harmless provision or possibly some other provision. In our view the record before us now does not permit us to reach any such conclusion. This is but another instance in which the obligation of the insurer to defend is broader than
 
 *877
 
 may be its obligation to indemnify, presenting, as it does, an aspect of "litigation insurance”. (Cf.
 
 International Paper Co. v Continental Cas. Co.,
 
 35 NY2d 322.)
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, Dutchess County, for the entry of judgment (1) granting Spoor-Lasher partial summary judgment declaring that the insurer, Aetna, is obligated to defend the third-party action commenced by the Poughkeepsie Urban Renewal Agency against Spoor-Lasher; (2) otherwise denying Spoor-Lasher’s motion for summary judgment; and (3) denying Aetna’s cross motion for summary judgment.
 

 Chief Judge Brietel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order reversed, with costs, and matter remitted to Supreme Court, Dutchess County, for entry of judgment in accordance with the memorandum herein.