■ CONTRACTING PLUMBERS' COOPERATIVE RESTORATION CORPORATION, Respondent, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.— In an action, *inter alia,* to declare that defendant is obligated to provide a defense to plaintiff in certain actions, the defendant insurer appeals from an interlocutory judgment of the Supreme Court, Kings County, dated April 7,

1977, which, upon an agreed statement of facts, *inter alia,* (1) declared that defendant is required to provide a defense for plaintiff in those actions and (2) adjudged that defendant was liable to plaintiff for the reasonable counsel fees incurred by it in the defense of those actions. Interlocutory judgment reversed, on the law, with costs, and (1) it is declared that defendant is not required to provide a defense for plaintiff in the actions in question and (2) complaint otherwise dismissed. No questions of fact were presented on this appeal. Pursuant to a contract between Interboro Service Co., Inc., and plaintiff, Interboro, an approved paver, obtained a policy of insurance from defendant which named the plaintiff as the insured against claims arising (1) *from operations* performed by the paver at specific locations where plaintiff had directed it to restore excavations and (2) from supervisory acts or omissions of the plaintiff in connection with such work. Plaintiff was named as a party defendant of a third-party defendant *in six actions in* which the allegations against it generally charged negligence in connection with unsafe conditions at street excavations. Those allegations listed locations at which the paver Interboro had performed no work and had not been directed to perform work by the plaintiff. The defendant disclaimed liability on the ground that the actions did not come within the coverage of the policy. Plaintiff brought this action to declare its right to a defense and to recover the amount of the expenses incurred as a result of defendant's refusal to defend. The trial court held that defendant had a duty to defend, even though the locations specified in the complaint were not locations at which Interboro had been directed to work by the plaintiff, because of the possibility of liability, no matter how remote. In view of the facts that (1) the complaints listed locations where the paver Interboro had not been directed to work by the plaintiff, (2) shotgun allegations of negligence cannot create a duty to defend beyond that for which the parties contracted and (3) general liability insurance was not included in the policy coverage, we hold that the defendant had no duty to defend the plaintiff or to pay damages for its refusal to so defend (see *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, mot for rearg den 28 NY2d 859; *County of Nassau v National Sur. Corp.,* 34 AD2d 569). The record here, unlike that in *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.* (39 NY2d 875), permits us to now make a determination that there is no factual or legal basis on which defendant could be obligated to indemnify the plaintiff here under any provision of the insurance policy. The determination here is not premature as it was held to be in *Spoor-Lasher.* In *Spoor-Lasher,* it could not be predicated with whether, on what theory, and to what extent the defendant would ultimately be held liable. In the case at bar there is no difficulty in making the determination because it was known both to the carrier and to the plaintiff that the plaintiff did not perform or have any work performed for it at the sites alleged in the six causes of action which the plaintiff seeks to have Hartford defend. Titone, Hawkins and Suozzi, JJ., concur; Cohalan, J. P., dissents and votes to affirm the interlocutory judgment, with the following memorandum: I dissent and vote to affirm on the opinion of Mr. Justice Pino at Trial Term (see, also, *Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39* NY2d 875).