OPINION OF THE COURT
John J. Conway, J.
In a declaratory judgment action brought by the County of Monroe (County) against its insurers, the Travelers Insurance Companies (Travelers) and the Maryland Casualty Company (Maryland) on two separate policies issued by them, the County now moves for summary judgment. Cross motions for summary judgment have been made by both defendants.
The County seeks a declaration that under their respective insurance contracts Travelers and Maryland are obligated to undertake its defense in a lawsuit commenced by Greenfield Construction Company, Inc. (Greenfield).
On October 12, 1973 Greenfield contracted with the County’s "Irondequoit Bay Pure Waters District”* for the construction of a sewer project entitled "Bushnell’s Basin Interceptor and Pittsford Interceptor”. The job entailed digging a tunnel to accommodate sewer lines beneath the New York State Barge Canal near its intersection with Interstate 490 in the Town of Perinton, County of Monroe. Greenfield’s contract with the County required it to maintain insurance protecting *419 the County against liability for property damage caused by Greenfield. An owner’s and contractor’s protective liability policy was purchased by Greenfield from Maryland naming the County and State of New York as insured to meet the requirement. In addition to this policy the County was also insured under a comprehensive general liability and umbrella policy with Travelers.
While the digging of the tunnel was progressing the canal bottom collapsed on October 29, 1974 causing extensive flooding. An action was commenced against the plaintiff in January, 1976. The notice of claim had been served in January, 1975. There has yet to be any discovery proceedings in the Greenfield action.
The County tendered defense of the lawsuit to the defendants. Both have refused to undertake the defense contending that the allegations by Greenfield and damages claimed were not within the coverage provided by the policies. Additionally they rely on a number of exclusions contained in their respective policies. In other lawsuits commenced against the County for property damage resulting from the canal collapse and flooding, attorneys from Travelers and Maryland have undertaken the County’s defense.
In its complaint Greenfield seeks $1,500,000 as "Plaintiff’s damages including but not limited to work completed but not paid for, loss of profits, delay and performance of extra work not contemplated by the terms and conditions of the contract.” Five separate causes of action, pleading breach of contract, breach of warranty, negligence, negligent misrepresentation, and fraud are asserted against plaintiff, each specifying the same damages. The acts of negligence charged against the plaintiff are for failure to investigate and advise Greenfield of actual site conditions, inadequate and incorrect design and construction plans and otherwise failing to act in a proper and reasonable manner.
It is the principal contention of both insurers that the Greenfield complaint specifies no property damage, therefore there is no coverage under the terms of the policies.
Coverage is provided in nearly identical language in both policies as follows:
"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
"Coverage A. bodily injury
*420 "Coverage B. property damage
"to which this policy (Traveler’s policy uses the word 'insurance’ instead of policy) applies, caused by an occurrence and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent”.
Maryland further qualifies its coverage by providing that the damages must arise "out of (1) operations performed for the named insured by the contractor designated in the declarations at the location designated thereon or (2) acts or omissions of the named insured in connection with his general supervision of such operations.”
This clearly is not a claim for bodily injury. The policies contain identical language defining property damage as "physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.” Therefore, the initial inquiry in a determination of the existence of an obligation by the defendants to defend is whether Greenfield’s suit seeks recovery for property damages, otherwise there is no coverage and accordingly no duty to defend.
There are standards which have been employed by New York courts in determining the existence of a duty to defend.
"An insured’s right to be accorded legal representation is a contractual right and consideration upon which his premium is in part predicated, and this right exists even if debatable theories are alleged in the pleading against the insured.” (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325; Calkins v Merchants Mut. Ins. Co., 59 AD2d 1052, 1053; Rimar v Continental Cas. Co., 50 AD2d 169, 173.) "An insurer’s obligation to furnish its insured with a defense is heavy indeed, and, of course, much broader than its duty to pay.” (International Paper Co. v Continental Cas. Co., supra, p 326; Sturges Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69; Calkins v Merchants Mut. Ins. Co., supra; Michigan Millers Mut. Ins. Co. v Christopher, 66 AD2d 148.) Thus, it has been recognized that policies such as these provide more than liability insurance; they also afford a great degree of litigation insurance. (International Paper Co. v Continental Cas. Co., supra, p 326.)
*421 "Only when it can be concluded as a matter of law that there is no basis upon which the insurance company might be obligated to indemnify the named insured under any provisions of the policy is the insurance company relieved from its duty to defend”. (Penn Aluminum v Aetna Cas. & Sur. Co., 61 AD2d 1119; Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875, 876-877; Utica Mut. Ins. Co. v Cherry, 38 NY2d 735, 737; Sturges Mfg. Co. v Utica Mut. Ins. Co., supra, p 74.)
The test for determining an insurance company’s obligation to afford its insured a defense is whether, within the bounds of the complaint, there is a cause of action alleged which is potentially covered by the policy. (Goldberg v Lumber Mut. Cas. Ins. of N. Y., 297 NY 148; Commercial Pipe & Supply Corp. v Allstate Ins. Co., 36 AD2d 412, affd 30 NY2d 619; United States Fid. & Guar. Co. v Copfer, 63 AD2d 847; C. O. Falter, Inc. v Crum & Forster Ins. Co., 79 Misc 2d 981.)
Even though the allegations appear groundless, false or fraudulent they must be taken at face value since it is the potential for recovery on protected claims and not the probability which is determinative. (United States Fid. & Guar. Co. v Copfer, supra; Rimar v Continental Cas. Co., supra; De Luca v Atlantic Mut. Ins. Co., 49 AD2d 153; Sucrest Corp. v Fisher Governor Co., 83 Misc 2d 394.)
Furthermore, " '[w]here a complaint * * * contains ambiguous or incomplete allegations and does not state facts sufficient to bring a case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint * * * within the coverage of the policy.’ ” (Commercial Pipe & Supply Corp. v Allstate Ins. Co., supra, p 415; C. O. Falter, Inc. v Crum & Forster Ins. Co., supra, p 983; see, also, 31 NY Jur, Insurance, § 1324.)
"If there is any doubt as to whether charges against an insured state a claim within the coverage of the policy, such doubt will always be resolved in favor of the insured.” (C. O. Falter, Inc. v Crum & Forster Ins. Co., supra, p 984; Hanover Ins. Co. v 21 Mott St. Rest. Corp., 95 Misc 2d 427.)
Applying these principles of law to the case at hand the court resolves that neither defendant is obligated to defend.
Although Greenfield’s notice of claim states: "claimant was further injured in that flooding occurred * * * causing substantial damage to claimant’s property”, there is absolutely no *422 mention of property damage in the complaint. It is the allegations contained in the complaint which govern the insured’s obligation to defend since that limits a plaintiff recovery. Lost profits, delay and performance of extra work are not encompassed within the term property damage as that is defined in the policies. They constitute intangibles in contrast to the requirement in the policies of damage to tangible property. (Dreis & Krump Mfg. Co. v Phoenix Ins. Co., 548 F2d 681; Hartford Acc. & Ind. Co. v Case Foundation Co., 10 Ill App 3d 115; cf. Liberty Mut. Ins. Co. v Consolidated Milk Producers’ Assn., 354 F Supp 879, 882.)
In the absence of specific allegations of property damage in the Greenfield complaint, the County points to the inclusion by Greenfield of the phrase "including but not limited to” in the paragraph specifying damages. The County suggests that this wording obligates the insurers to defend it until such time as discovery proceedings reveal the exact nature of these allegations. This argument is untenable. The use of this verbiage is practically standard practice in pleading. It adds nothing concrete to the complaint. It is no substitute for the requirement that allegations of a covered claim in the complaint are essential to a determination that an insurer must defend. (See J.G.A. Constr. Corp. v Charter Oak Fire Ins. Co., 66 AD2d 315, 320.)
Nor does the notorious fact of the canal’s collapse fill this critical void in the Greenfield complaint. There is no automatic connection of this unpleaded fact to the damages which Greenfield asserts. Greenfield, having no ownership interest in the canal, could not bring an action for the damage done to the canal. It is manifest that the damage which the policies require is property damage sustained by the complaining party. A complaint which plainly seeks to recover for the intangible loss of profits plus the cost factor of extra work and time is not converted to a property damage claim by the insured’s insistence that it is linked to the canal’s collapse. For this reason the County’s argument that per chance the economic damages alleged are merely consequential damages resulting from the direct damage to the canal and that the court should infer property damage does not withstand scrutiny.
Due to the limited risk protection built into the Maryland policy the reasoning is even more compelling that Maryland is not bound to provide the County’s defense to the *423 Greenfield action. The Maryland policy, in accordance with the contract between the County and Greenfield was written to provide a narrow range of liability protection for the County, not the more general liability coverage as in the Travelers’ policy. As its title suggests, an owners’ and contractors’ protective policy is generally intended to assure the named insured that it will not have to pay on account of its liability for the negligence of its contractor in causing personal injury or property damage to third persons. (See 1 Long, Law of Liability Insurance, § 10.20.) Such insurance, by its terms, "[is] not intended to and [does] not constitute a general coverage.” (Thompson-Starrett Co. v American Mut. Liab. Ins. Co., 276 NY 266, 271.)
"[A] contract of insurance must be construed in its entirety with reference to the subject matter and the nature of the risk involved.” (1 Couch, Insurance, § 15.26; see, also, Breed v Insurance Co. of North Amer., 46 NY2d 351, 355; Shneiderman v Metropolitan Cas. Co. of N. Y., 14 AD2d 284; 29 NY Jur, Insurance, §§ 599-602.) Adhering to this principle, the policy can only be read as protecting the County against contingent liability for damage resulting from operations performed by its contractor. The policy, with one inapplicable exception, does not insure the County against liability for its own negligent acts or that of its employees. (See ThompsonStarrett v American Mut. Liab. Ins. Co., supra; County of Nassau v National Sur. Corp., 38 Misc 2d 578, mod 34 AD2d 569.)
This limitation on the coverage finds expression not only in the coverage clause itself but also in exclusion (c) which provides that the "policy does not apply to bodily injury or property damage arising out of any act or omission of the named insured or any of his employees, other than the general supervision of work performed for the named insured by the designated contractor.” There are no allegations in the Greenfield complaint that the County negligently supervised the Greenfield work.
Furthermore, even if such allegations were made, it would be at odds with the purpose for which the policy was issued to hold that it insures the County against suits brought by its own contractor for negligent supervision by the County. Implicit in such a suit would be a defect in the work done by the contractor. Instead, the coverage is intended to protect the County against suits by third persons only, where the County *424 undertook to perform general supervision but negligently failed to detect the faulty work of its contractor or it failed to act having detected the faulty work.
This court finds no ambiguities in either policy relative to the coverage afforded the County on the Greenfield complaint. Therefore, it is not necessary for the court to invoke those rules of law dealing with the construction of ambiguous insurance contracts.
 This court has further determined that there is no potential recovery on covered claims on either the Maryland or Travelers policy upon the allegations set forth in the Greenfield complaint. Having reached this conclusion the insurers’ refusal to defend the County must be sustained. (See Contracting Plumbers’ Coop. Restoration Corp. v Hartford Acc. & Ind. Co., 59 AD2d 921, affd 46 NY2d 857, 858; Manuszewski v Merchants Mut. Ins. Co., 60 AD2d 792.)
Under the facts pleaded in this case, there is no obligation on the insurers to defend or indemnify their insured.

 An administrative division of the County. The County is the real party in interest in this action.