■ HARTFORD INSURANCE COMPANY, Appellant, v MARYLAND CASUALTY COMPANY et al., Respondents, et al., Defendants. (And a Third-Party Action.) —In an action, *inter alia,* to declare that the Maryland Casualty Company provided the primary liability insurance coverage for Kenneth K. Madsen and A & T Radiator, Inc., plaintiff, Hartford Insurance Company, appeals from an order of the Supreme Court, Suffolk County, entered November 3, 1978, which denied its motion for summary judgment. Order modified, on the law, by adding thereto a provision declaring that the defendant the Maryland Casualty Company is not required to provide a defense for defendants Madsen and A & T Radiator, Inc., in a negligence action instituted by defendants Lefferts against them and now pending in Suffolk County. As so modified, order affirmed, with $50 costs and disbursements to defendant the Maryland Casualty Company. A review of the complaint in the negligence action brought by the Lefferts against Madsen and A & T Radiator, Inc., clearly establishes that at the time Madsen was driving the car that injured the infant plaintiff, he was not involved in any of the activities covered by the "Automobile Hazard 1" provision of Maryland's policy, but was clearly covered by the "Automobile Hazard 2" provision of the garage policy issued by Hartford to A & T Radiator, Inc., Madsen's employer. Accordingly, there exists no factual basis or legal theory which may be developed at trial arising out of this incident that would obligate the defendant insurance company to pay, and, therefore, there is no duty to defend *(Contracting Plumbers' Coop. Restoration Corp. v Hartford Acc. & Ind. Co.,* 59 AD2d 921; *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, mot for rearg den 28 NY2d 859; cf. *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875). Suozzi, J. P., O'Connor and Rabin, JJ., concur.

Shapiro, J., dissents and votes to affirm the order with the following memorandum: Under ordinary circumstances, since the complaint in the underlying action (par NINTH) alleges that "On June 12, 1974 at approximately 7:05 a.m. defendant Madsen was operating said CADILLAC * * * with the express and/or implied permission of defendants E. Z. [Motors, Inc.] and A & T [Radiator, Inc.]", plaintiff Hartford would be correct in its assertion that Maryland should defend A & T Radiator, Inc., and Madsen in that action since the "duty to defend is separate from and broader than its duty to pay" (see *Michigan Millers Mut. Ins. Co. v Christopher,* 66 AD2d 148, 151; *McGroaty v Great Amer. Ins. Co.,* 36 NY2d 358, 365; *Utica Mut. Ins. Co. v Cherry,* 38 NY2d 735, 737; *Marine Midland Servs. Corp. v Kosoff & Sons,* 60 AD2d 767, 768). Here, however, Hartford undertook and continued with their defense for a period of approximately 16 months and it should not now be able to withdraw therefrom to the prejudice of Maryland. I therefore agree with both Special Term and the majority that Hartford Insurance Company (the insurer of A & T Radiator, Inc.) is not entitled to summary judgment in this declaratory judgment action but I also agree with Special Term that "It is not for this Court in a proceeding for summary judgment to

resolve this dispute. The issue of Madsen's permission to drive the vehicle owned by E. Z. Motors, Inc. will be determined in the negligence action, and the Maryland Casualty Company's liability to pay any judgment recovered against Madsen and A & T Auto Radiators, Inc. in that action to the extent of the coverage, will depend upon the determination of the issue of whether permission existed to operate the E. Z. Motors, Inc. car." Under the circumstances the trial of this declaratory judgment action should be stayed until final determination of the negligence action (see CPLR 2201; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2201:10, pp 8-9; CPLR 3211, subd [a], par 4; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3211:20, p 27). Since the rights of Hartford and Maryland, *inter se,* will depend upon the outcome of the negligence action, the trial court in that case should submit the issue of alleged consent by the owner to Madsen's operation of the motor vehicle as a framed issue.