UNITED NATIONAL INSURANCE CO. Plaintiff,

v.

WATERFRONT REALTY CORP., et al., the Tunnel, Inc., and Lourdes Ortiz, Defendants.

No. 89 Civ. 4525 (MJL).

United States District Court, S.D. New York.

Oct. 25, 1991.

Wilson Elser Moskowitz, Edelman & Dicker, New York City, for plaintiff; by Carolyn Karp Schwartz.

Jones Hirsch Connors & Bull, New York City, for defendant Waterfront Realty Corp., et al.; by Warren A. Herland, Patrick T. Hoey.

Madeline Lee Bryer, P.C., New York City, for defendant Lourdes Ortiz.

## OPINION AND ORDER

LOWE, District Judge.

Before this court is plaintiff United National Insurance Co.'s ("UNI") motion for summary judgment pursuant to F.R.C.P. 56, and for a declaratory judgment stating that UNI has no duty to defend or indemnify the defendant Waterfront Realty Corp. ("Waterfront"), and the Tunnel, Inc. ("Tunnel") in the pending state court action entitled *Lourdes Ortiz v. The Tunnel, Inc. and Waterfront Realty Corp.* Defendant Waterfront opposes this motion and makes a cross motion for summary judgment and for a declaratory judgment stating that UNI does have a duty to defend and indemnify defendant Lourdes Ortiz. Ms. Ortiz also opposes the plaintiff's summary judgment motion and makes her own cross motion for summary judgment and sanctions against UNI pursuant to F.R.C.P. 11. For the reasons set forth herein, UNI's motion is denied, Waterfront's motion is granted, and Ms. Ortiz's motion is granted in part and denied in part.

## BACKGROUND

The following facts are not disputed by any of the parties. In 1988, UNI extended a General Liability Policy to the Tunnel, a dance club located in New York City, and its landlord, Waterfront, which ran from July 16, 1988 to July 16, 1989. Amended Complaint and Demand for Jury Trial at ¶ 12 (hereinafter Complaint). Included in the policy is a list of occurrences that are excluded from coverage. Among those is an assault and battery exclusion which relieves the insurer from liability for claims "arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the Insured, and/or his employees." *See* Ex. A to Complaint.

On July 17, 1988, Ms. Ortiz was a patron of the Tunnel. Defendant's Memorandum of Law at 1 (hereinafter Bryer Memo). During the course of her stay, Ms. Ortiz had occasion to use the women's bathroom. She alleges that both the men's and women's lavatories were open to and used by both sexes, and that this was known to employees of the Tunnel. *Id.* Ms. Ortiz claims that while using a stall in the women's bathroom, an unidentified man entered her stall, threatened her with a gun, and raped and sodomized her. *Id.* She then filed suit in state court against the Tunnel and Waterfront for the physical and emotional damage done to her as a result.

In response to this suit, UNI began the present action to deny any liability to Waterfront, the Tunnel or Ms. Ortiz, arguing that the attack on Ms. Ortiz is covered by the assault and battery exclusion. Complaint at ¶¶ 13–18. Additionally, UNI seeks a judgment declaring (on the same grounds) that it has no obligation to defend or indemnify Waterfront or the Tunnel. Complaint at ¶¶ 19–23.

## DISCUSSION

Under F.R.C.P. 56(c), a party's motion for summary judgment will be granted if there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)

("[T]he plain language of Rule 56(c) mandates the entry of summary judgment.... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

A party opposing such a motion must do more than deny the information contained in a properly supported motion for summary judgment. According to F.R.Civ.P. 56(e), an opposing party "may not rest upon the mere allegations or denials of [their].... pleadings but [their].... response.... must set forth specific facts showing there is a genuine issue for trial." Since the material facts in this case are not in dispute, the sole issue to be determined here is how the assault and battery exclusion is to be interpreted under New York law.[1]

█ In support of its motion, UNI has argued that, despite Ms. Ortiz's allegation that she was raped, the attack on her is still an assault and battery for the purposes of the relevant exclusionary clause. Therefore, they allege that there is no insurance coverage for the incident. Plaintiff's Memorandum of Law at 4 (hereinafter Schwartz Memo). Using Black's Law Dictionary as their authority, UNI goes on to submit that an assault is simply " 'any unlawful touching of another without justification.' " Plaintiff's Reply Memorandum of Law in Further Support at 3 (hereinafter Schwartz Reply Memo). They maintain that the language employed in the assault and battery exclusion is clear and unambiguous on this point. Schwartz Reply Memo at 5.

The defendants argue that UNI's reading of the assault and battery exclusion is overbroad and that the clause is ambiguous. Waterfront submits that there is no evidence to support UNI's contention that rape and sodomy "are covered by the [assault and battery] clause's exclusionary language or understood or intended by the parties to the insurance contract to be covered by the clause." Herland Memo at 3.

█ It is a well-established principle of insurance law in the state of New York that "any ambiguity in an insurance policy must be construed against the insurer, the draftsman of the policy." *Lavanant v. General Acc. Ins. Co.*, 164 A.D.2d 73, 561 N.Y.S.2d 164, 168 (1st Dep't.1990). *See also Ogden Corp. v. Travelers Indem. Co.*, 681 F.Supp. 169, 173 (S.D.N.Y.1988) ("In the field of insurance contract provisions, the general rule is to construe ambiguities in favor of the insured and against the insurer."); *Milstein v. Ortner*, 65 Misc.2d 649, 318 N.Y.S.2d 629, 632 (N.Y.Civ.Ct. 1966) ("[I]f there be doubt or uncertainty as to the meaning of language in [a].... policy, any resultant ambiguity is to be resolved against the insurance company.") This is especially true for exclusionary clauses, where an insurance carrier is attempting to deny liability on the basis of such an exception. *Ogden Corp.*, 681 F.Supp. at 173; *Technicon Elec. Corp. v. American Home Assur. Corp.*, 74 N.Y.2d 66, 73, 544 N.Y.S.2d 531, 542 N.E.2d 1048 (1989); *Servidone Constr. v. Security Insur. Co.*, 64 N.Y.2d 419, 421, 488 N.Y.S.2d 139, 477 N.E.2d 441 (1985). The burden is on the insurance company to prove that the claim is not covered by the policy and that the exclusionary clause is subject to no other interpretation except their own. Therefore, if UNI "does not establish that.... [the claim] falls *entirely* within the policy exclusion, it will have failed to sustain its burden." *Servidone*, 64 N.Y.2d at 425, 488 N.Y.S.2d 139, 477 N.E.2d 441 (emphasis added). *See also Technicon*, 74 N.Y.2d at 73–74, 544 N.Y.S.2d 531, 542 N.E.2d 1048 ("[W]hen an exclusion is relied upon to deny coverage, the insurer has the burden of demonstrating that the 'allega-

---

1. The issue of intent or whether the attack was accidental, which is dwelt on heavily by counsel for Ms. Ortiz and mentioned by the attorneys for Waterfront, is not dispositive of the motions at hand. The assault and battery clause was designed to cover assaults and/or batteries that were "caused by" or the result of "omissions by" the insured or their employees. Clearly, the inclusion of "omissions" was meant to deal with occurrences that were the result of the insured's negligence or accidental or unintentional lapses in control over the premises. Therefore, the only issue to be decided by this Court is the breadth of meaning of "assault and battery".

tions of the complaint cast that pleading solely and entirely with the policy exclusions, and further, that the allegations, *in toto*, are subject to no other interpretation.'" (*quoting Internat. Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 325, 361 N.Y.S.2d 873, 320 N.E.2d 619 (1974))).

As mentioned earlier, UNI offers Black's Law Dictionary's definition of assault and battery to prove that the clause is clear in meaning. However, in the same dictionary, the definition of assault is particularized to cover different situations. Assault and battery is thus distinguished from assault with intent to commit rape. Black's Law Dictionary, 5th Edition (West's Pub. 1979). Therefore UNI's own source of their interpretation suggests that the assault and battery clause would not cover rape and sodomy.

The distinction is further supported by the fact that UNI felt it necessary to create a separate exclusion for sexual molestation. *See* Ex. A to Complaint. The plaintiff's position that this clause is an "additional exclusion" specifically designed to cover patrons 16 years old or younger and is not relevant to the matter at hand is not persuasive. Schwartz Memo at 17, n. 1. The fact remains that had the assault and battery clause been as clear and unambiguous as UNI maintains in covering all sexual attacks, clarification or additional coverage would not have been necessary for any age group. Furthermore, when read with the rest of the policy exclusions, the sexual molestation exclusion could be interpreted to mean that only sexual assaults on patrons 16 years old or younger would be exempted; all others would be within the scope of general liability coverage. The insured could reasonably have read and understood the policy to have this meaning. Under New York law, a "contract term is ambiguous.... if there is a 'reasonable basis for a difference of opinion.'" *Ogden*, 681 F.Supp. at 173 (*quoting Breed v. Insur. Co. of N.A.*, 46 N.Y.2d 351, 355, 413 N.Y.S.2d 352, 385 N.E.2d 1280 (1978)). We find that such a reasonable difference exists.

As the drafter of the policy in question, UNI had the opportunity to set the standards and parameters for each situation they wanted to cover or exclude. Exclusions or limitations on liability, especially, are not enforced by courts "unless such intention is apparent from the language employed." *Milstein*, 318 N.Y.S.2d at 632. This control over the drafting of the policy is the rationale behind construing ambiguities in favor of the insured. *Union Ins. Soc'y of Canton, Ltd. v. William Gluckin & Co.*, 353 F.2d 946, 951 (2nd Cir.1965). Therefore, "[a]ny.... exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded a *strict and narrow construction.*" *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 311, 486 N.Y.S.2d 873, 476 N.E.2d 272 (1984) (emphasis added).

In light of this analysis, we find that UNI has not satisfied its burden of proving that the assault and battery exclusion also covers rape and sodomy. We hold that, as a matter of law, Ms. Ortiz's claim is not covered by the assault and battery clause in the insurance policy.

Furthermore, given our finding that Ms. Ortiz's claim is not excluded from coverage by the assault and battery clause, UNI cannot satisfy the burden of proving that it has no duty to defend in this matter. An insurer faces a heavy burden when seeking to avoid its duty to defend. *Avondale Indust. Inc. v. Travelers Indem. Co.*, 887 F.2d 1200, 1204 (2d Cir.1989). In order to free itself from this responsibility, UNI would have had to show that "as a matter of law.... there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy." *Spoor–Lasher Co. v. Aetna Cas. & Sur. Co.*, 39 N.Y.2d 875, 876, 386 N.Y.S.2d 221, 352 N.E.2d 139 (1976). Therefore, UNI is obligated to provide their insured with legal counsel during the course of Waterfront's litigation with Ms. Ortiz.

## CONCLUSION

After a careful review of the facts and the applicable law, it is the opinion of this Court that the plaintiff's motion for summary and declaratory judgment must be denied. We further hold that the defendants' motions for summary judgment be granted, as well as Waterfront's motion for declaratory judgment. With respect to Ms. Ortiz's motion for sanctions against the plaintiff and UNI's cross motion for sanctions against Ms. Ortiz, we find that there is no basis for such an order and consequently, these motions are denied. UNI is therefore ordered to provide a defense for Waterfront and, should Ms. Ortiz be awarded a judgment against Waterfront and the Tunnel, UNI is obligated to indemnify them, pursuant to the policy and subject to the liability limits therein.

It Is So Ordered.