■ COUNTY OF ORANGE, Respondent, v HARTFORD ACCIDENT & INDEMNITY CORP., Appellant, JAMES BRADLEY et al., Respondents, et al., Defendant. [641 NYS2d 118] —In an action, *inter alia,* for a judgment declaring that the defendant Hartford Accident & Indemnity Corp. is obligated to defend and indemnify the plaintiff County of Orange in the underlying personal injury actions brought against the County of Orange, Hartford Accident & Indemnity Corp. appeals from (1) an order of the Supreme Court, Orange County (Sherwood, J.), dated November 26, 1994, which granted the motion by the County of Orange for summary judgment and denied the cross motion by Hartford Accident & Indemnity Corp. for summary judgment, and (2) a judgment of the same court, dated January 25, 1995, which, *inter alia,* declared that Hartford Accident & Indemnity Corp. was obligated to defend and indemnify the County of Orange in the underlying personal injury actions.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the sixth decretal paragraph thereof and substituting therefor a provision directing that the resolution of the issue of indemnity should await the resolution of the underlying personal injury actions; as so modified, the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly determined that Hartford Accident & Indemnity Corp. (hereinafter Hartford) was required to defend the County of Orange pursuant to the insurance policy issued by Hartford to New York Bituminous Products (hereinafter Bituminous) which named the County as an "additional insured". The "additional insured" endorsement in the policy defines an additional insured as "the person or organization shown in the Schedule, but only with respect to liability arising out of 'your work' for that insured by or for you". "Your work" is defined as "[w]ork or operations performed by you or on your behalf " and "materials, parts or equipment furnished in connection with such work or operations".

The plaintiffs in the underlying negligence actions were injured in automobile accidents which occurred on a resurfaced road. Bituminous supplied materials and equipment for the resurfacing project and its own employees operated the equipment which controlled the amount of emulsion and stone applied to the road surface. Some of the allegations of negligence involve this work and, therefore, at least part of the County's potential liability arose out of the work by Bituminous as defined by the policy. Since an insurer's obligation to defend, which is broader than its duty to pay, "arises whenever the complaint 'alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy' " (*Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69, 72, quoting *Great Am. Ins. Co. v London Records,* 35 AD2d 661, 662), the language of the endorsement extended coverage for the defense of the underlying personal injury actions.

We find, however, that pursuant to the language of the endorsement, Hartford is only required to indemnify the County for those acts which constituted the work of Bituminous and for which the County is found liable. The acts for which the County may ultimately be held liable cannot be determined at this time. It is unclear how the accidents occurred. Accordingly, the issue of indemnity should await resolution of the underlying actions (*see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875; *County of Onondaga v Penetryn Sys.,* 84 AD2d 934, *affd* 56 NY2d 726).

We have examined Hartford's remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.