■ JILL NASKO, Appellant, v BET-TER AUTO PARTS CO., INC., Doing Business as ACADEMY AUTO PARTS, et al., Respondents. [677 NYS2d 597] —In an action for a judgment declaring, *inter alia*, that the defendant Hartford Fire Insurance Company is required to defend and indemnify the defendant Bet-Ter Auto Parts Co., Inc., d/b/a Academy Auto Parts, and its employee in an action pending against them in the Supreme Court, Westchester County, under Index No. 11792-92, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered August 26, 1997, which granted the motion of Hartford Fire Insurance Company for summary judgment declaring that it has no duty to defend and indemnify its insureds in the underlying action, and denied the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly concluded that the defendant Hartford Fire Insurance Company (hereinafter Hartford) is not obligated to defend or indemnify the defendant Bet-Ter Auto Parts Co., Inc., d/b/a Academy Auto Parts (hereinafter Academy) in the underlying action. The subject policy required Hartford to pay "all sums which [Academy] shall become legally obligated to pay as damages because of bodily injury [or] personal injury * * * caused by an occurrence to which this insurance applies". However, the underlying action against Academy does not seek damages for either "bodily injury" or "personal injury", as those terms are defined in the policy. Therefore, as a matter of law, "there is no possible factual or legal basis on which [Hartford] might eventually be held to be obligated to indemnify [Academy and its employees] under any provision of the insurance policy" (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876; *see, Servidone Constr. Corp. v Security Ins. Co.*, 64 NY2d 419, 424). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.