THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER IGOR DE LISSOVOY, Appellant.— Order (oral) denying motion to suppress unanimously reversed and motion granted. Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The principal reasons for our decision herein are stated in the companion appeal (*People* v. *Ryerson,* 33 A D 2d 639, decided concurrently herewith.) We further conclude that this appellant, who occupied the apartment with Miss Ryerson, had standing to challenge the legality of the search by way of a motion to suppress. (*Jones* v. *United States,* 362 U. S. 257, 267; *People* v. *McDonnell,* 18 N Y 2d 509.) (Appeal from judgment of Monroe County Court convicting defendant of violation of Penal Law, § 1751, subd. 2 and Public Health Law, § 3305.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

GRANT E. JOHNSON, Respondent, v. JOHN E. JOHNSON, Defendant, and MARY JOHNSON, Appellant.— Order unanimously reversed, with costs, and motion denied. Memorandum: This is an action to foreclose a mortgage executed on January 4, 1967 by plaintiff's father John for an alleged pre-existing debt and recorded on October 6, 1967. After the execution of the mortgage John, a widower, married defendant Mary and on March 9, 1967 he executed and recorded a warranty deed conveying the property to himself and wife as tenants by the entirety. The marriage was subsequently dissolved by divorce thereby creating a tenancy in common. (*Stelz* v. *Shreck,* 128 N. Y. 263.) John defaulted in the action and Special Term granted plaintiff summary judgment upon the ground that the deed was founded on " good " but not " valuable " consideration as is required by the recording act to defeat a prior unrecorded mortgage, citing section 291 of the Real Property Law and *Ten Eyck* v. *Witbeck* (135 N. Y. 40). In order to grant summary judgment it must appear that there is no material triable issue of fact presented. (*Di Menna & Sons* v. *City of New York,* 301 N. Y. 118, 121.) The drastic remedy which disposes of a cause of action or a defense on pleadings and affidavits should not be granted when there is any doubt as to the existence of justiciable questions of fact. (*Braun* v. *Carey,* 280 App. Div. 1019.) There is ample authority that marriage may be consideration. (*Kramer* v. *Kramer,* 90 App. Div. 176, 180; *De Cicco* v. *Schweizer,* 221 N. Y. 431, 438.) Nothing contained in *Ten Eyck* v. *Witbeck* (*supra*) supports the conclusion that marriage is good, but not valuable, consideration and no case has been found to that effect. To the contrary is *American Sur. Co.* v. *Conner* (251 N. Y. 1) where it was held that marriage is valuable consideration. The affidavit by Mary in opposition to the motion alleges that in a Family Court proceeding John testified " that he received no money for this mortgage and in effect, admitted that this mortgage was strictly a fraud upon the deponent." She also alleges that at the time of the marriage John represented himself as a man of means, that no mention was made of the unrecorded mortgage and that she relied on his agreement to place the property in both names. Since the record reveals conflicting issues of fact as to valuable consideration and the alleged fraud, defendant is entitled to a trial and summary judgment should not have been granted. (*Werfel* v. *Zivnostenska Banka,* 287 N. Y. 91.) (Appeal from order of Oneida Special Term granting summary judgment in action to foreclose mortgage.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.