CURTIS KINCAID, Respondent, v JOHN R. SIMMONS et al., Defendants.

HAZEL KINCAID, Respondent, v JOHN R. SIMMONS et al., Defendants.

DONALD A. HARRIS, Defendant and Third-Party Plaintiff-Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Third-Party Defendant-Appellant.

Fourth Department, February 28, 1979

## APPEARANCES OF COUNSEL

*Greene, Hershdorfer & Sharpe (Victor J. Hershdorfer* of counsel), for third-party defendant-appellant.

*Breed, Wilson & Orenstein (Albert Orenstein* of counsel), for defendant and third-party plaintiff-respondent.

*Mancuso & Ventre (Frank Ventre* of counsel), for Curtis Kincaid and another, respondents.

## OPINION OF THE COURT

CALLAHAN, J.

Lumbermens Mutual Casualty Co. appeals from a Special Term order which denied its motion for summary judgment to dismiss the complaint of its insured, Donald A. Harris. A comprehensive general liability policy had been issued by Lumbermens to protect Harris while engaged as a subcontractor specializing in framing houses. It obligated the company to pay all sums, within limits, for which the insured might become liable and specified a duty to defend suits brought against the insured, even if groundless, false or fraudulent. It also contained a "completed operations hazard" exclusion indorsement which terminated coverage when all operations to be performed by the named insured under a contract have been completed.

Simmons Construction Co., Inc., engaged Harris as a subcontractor to frame houses being built on property owned by John R. Simmons. Mr. Harris completed his contract in July, 1974 and submitted his statement for payment. On March 20, 1975 Hazel Kincaid, acting as a licensed real estate agent of the owner-contractor and while on premises for the purpose of showing the house to a prospective purchaser, fell through an uncovered hatchway into the basement sustaining serious injuries.

An action was commenced in May, 1977 by Hazel Kincaid and her husband naming the owner, the contractor and the subcontractor as defendants. Harris delivered the summons

and complaint to Lumbermens and informed the company that he had completed his operations at the premises in question prior to the date of the accident. Thereafter and by letter dated June 15, 1977 Lumbermens notified Harris that it would not furnish coverage as a review of the complaint indicated that the policy does not cover the allegations set forth therein. The specific reason given for the disclaimer was that the accident occurred after the completion date of work under his contract and was therefore within the completed operations hazard exclusion as defined in the policy.

Harris was compelled to retain personal counsel to interpose an answer and defend against the Kincaid claims. Thereafter, he instituted a declaratory judgment against Lumbermens seeking indemnification under the policy and for reimbursement of necessary legal expenses incurred in his defense. His bill of particulars to the insurer verified that he had completed the work on premises prior to the Kincaid accident.

Upon these facts, third-party defendant-appellant Lumbermens moved for summary judgment dismissing respondent Donald A. Harris' third-party action. Special Term denied the requested relief and it is that order we have for review.

Liability insurance is a contract of indemnity for the benefit of the insured or those to whom a statute upon the grounds of public policy extend indemnity against liability *(Bakker v Aetna Life Ins. Co.,* 264 NY 150). This contract contemplates that an insurer assumes risk, risk being defined as "the degree of hazard or danger upon which the premiums of insurance are calculated". For a paid premium, the insurer guarantees against risks arising from certain perils specified in the contract *(People ex rel. Daily Credit Serv. Corp. v May,* 162 App Div 215, affd 212 NY 561). Occasionally liability or indemnity contracts contain provisions in indorsements which exempt the insurer from liability after the completion of operations by the insured. Such a completed hazard exclusion clearly intends to limit liability to accidents occurring during process of work and to exclude liability for accidents occurring after completion thereof.

Harris acknowledged to his insurer that all work under his contract was completed at premises. However, plaintiffs' broadly framed complaint states that each defendant engaged in the construction of the structure. It alleged negligence on the part of each defendant in supervising, maintaining and exercising control pertaining to premises then under construc-

tion, and the failure to warn plaintiff of a dangerous condition created by the defendants. These allegations are within the contemplated risks, and therefore, the completed operations exclusionary provision does not absolve Lumbermens of its obligations to its insured *(Sturgis Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69).

It is well settled that the duty of a liability carrier to defend is broader than the duty to pay *(Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148) even against lawsuits, within the compass of the risk, no matter how groundless, false or baseless these suits may be *(Calkins v Merchants Mut. Ins. Co.,* 59 AD2d 1052, 1053). Mere shotgun allegations of negligence, however, cannot create a duty to defend beyond the contemplated risks within the policy *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364). The obligation of an insurance company to defend its named insured is considered to be separate and distinct from its obligation to indemnify, and a declaration that there is no obligation to defend can be made only if it can be concluded that there is no factual or legal basis within the allegations of the complaint on which an insurer might eventually be obligated to indemnify the insured under any provisions of the policy *(Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876-877; *Penn Aluminum v Aetna Cas. & Sur. Co.,* 61 AD2d 1119; *Contracting Plumbers' Coop. Restoration Corp. v Hartford Acc. & Ind. Co.,* 59 AD2d 921).

Despite Harris' admissions to his insurance company it has a duty to defend him *(Michigan Millers Mut. Ins. Co. v Christopher,* 66 AD2d 148). It would be premature and prejudicial to disclaim since facts are clearly stated in the complaint which indicate that an act or omission of Harris (or an employee) may be a proximate cause of the injuries. Clearly this requires Lumbermens to defend without regard to ultimate liability *(Doyle v Allstate Ins. Co.,* 1 NY2d 439; *Prashker v United States Guar. Co.,* 1 NY2d 584). Whether or not Harris completed operations, while relevant on the ultimate issue, is not decisive on the insurer's duty to defend.

An insured's right to be accorded legal representation is a contractual one within the terms of the policy and consideration upon which the premium is in part predicated. The insurer may only be relieved of its duty to defend when it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusion, and,

further that the allegations, *in toto,* are subject to no other interpretation *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322). Lumbermens has the burden of proving that the negligence and claims alleged were completely within the exclusionary provisions of the policy *(Danerhirsch v Travelers Ind. Co.,* 202 App Div 207; *Zeltner v Fidelity & Deposit Co. of Md.,* 220 App Div 21). Since this question is undetermined and the ultimate duty to pay is yet unresolved, Special Term properly denied the motion for summary judgment *(Johnson v Johnson,* 33 AD2d 640).

The order should be affirmed.

CARDAMONE, J. P., SCHNEPP, DOERR and MOULE, JJ., concur.

Order unanimously affirmed, with costs.