■ TRAVELERS INDEMNITY COMPANY, Appellant, v TOWN OF HIGHLAND et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered August 21, 1981 in Sullivan County, which denied plaintiff's motion for summary judgment and granted partial summary judgment in favor of defendants. On or about December 17, 1978, Caroline Weber, a defendant in the instant action but a plaintiff in an underlying action, was operating a motor vehicle on county Road No. 21 near Barryville in the Town of Highland (town) and County of Sullivan when the vehicle left the highway as a result of which she sustained severe injuries which have rendered her a paraplegic. The Webers instituted an action against the County of Sullivan and the town in which they allege a plethora of wrongful acts on the part of the town through its officers, agents and servants. The town, holders of a policy of insurance issued by the Travelers Indemnity Company (Travelers), effective for the period from April 12, 1978 through April 12, 1979, notified Travelers of the underlying action and, in turn, Travelers advised that an exclusion in the policy relieved it of both the obligation to defend and to indemnify. Travelers then commenced the instant action seeking a declaration that the policy of insurance issued by it to the town did not afford coverage for the town in the underlying action and that Travelers had no duty to defend the action. Special Term denied Travelers' motion for summary judgment and granted partial summary judgment to the town to the extent of directing Travelers to defend the action against the town. This appeal followed. It has been long and well established that the insurer's duty to defend is broader than its duty to indemnify (*Utica Mut. Ins. Co. v Cherry*, 38 NY2d 735, 737; *Goldberg v Lumber Mut. Cas. Ins. Co. of N.Y.*, 297 NY 148, 154). Moreover, it is equally well settled that if an insurer is to be relieved from the obligation to defend, it must be concluded, as a matter of law, that there is no possible factual or legal basis upon which the insurer might eventually be held obligated to indemnify the insured under any provision of the insurance policy (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876). In asserting that it is relieved of all obligation under the policy, insofar as the underlying action is concerned, Travelers relies upon an exclusion entitled "EXISTENCE HAZARD-HIGHWAYS, ROADS, STREET AND SIDEWALKS" which states: "It is agreed that the policy does not apply to bodily injury or property damage arising out of the existence or non-existence of any condition in any highway, road, street * * * or to any act or omission in connection therewith."\* Defendants, however, contend, *inter alia,* that the exclusion applies only to temporary conditions which might be incidental to road construction or maintenance, and to buttress this view point out that part of the premium paid by the town was for "street or road const or maintenance, etc." The town also contends that the only exclusions applicable to the street or road coverage are those noted in "SYMBOL 219B", none of which are applicable at bar. These seemingly plausible, yet varying, constructions given to the policy arise from patent ambiguities and, thus, it cannot be said, as a matter of law, that there is no factual or legal basis upon which Travelers might eventually be held liable to indemnify under any of the provisions of the policy. Accordingly, Special Term was correct in ordering Travelers to defend the town in the underlying action. It was likewise correct in its refusal to decide the question of ultimate coverage under the policy. Such a decision must await the outcome of the underlying action (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876, *supra*) and any continuing controversy, if any there be, can be litigated after the conclusion of the underlying action (*Prashker v United States Guar. Co.*, 1 NY2d 584, 592). Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.

\* Significantly, no definition of "condition" is set forth.