■ SUBURBAN BINDERY EQUIPMENT CORP., Respondent, v BOSTON OLD COLONY INSURANCE COMPANY et al., Appellants.— In an action for a judgment declaring that the defendants are obligated under a contract of insurance to defend the plaintiff with respect to an accident which occurred on July 21, 1979, and for damages for their breach in failing to do so, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), dated September 22, 1987, as granted the plaintiff's motion for partial summary judgment as to liability.

Ordered that the order is modified, on the law, by adding a provision thereto declaring that the defendants are obligated to defend the plaintiff with respect to the accident which occurred on July 21, 1979; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff seeks, *inter alia*, a judgment declaring that the defendant insurers breached their contractual obligation to provide the plaintiff with a defense in an underlying action arising from an accident which occurred on July 21, 1979. An insurer's duty to provide its insured with a defense is a heavy one, and is much broader than its duty to pay *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326; *Goldberg v Lumber Mut. Cas. Ins. Co.,* 297 NY 148, 154). For an insurer to be relieved of its obligation there must be no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured *(Travelers Indem. Co. v Town of Highland,* 90 AD2d 891). Where the insurer relies upon the exclusionary clause in a policy, it must be established that the insurer's interpretation of the policy is the only construction that can fairly be placed upon the language *(Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390). Any doubt as to whether the allegations state a claim covered by the policy must be resolved in favor of the insured *(Muhlstock & Co. v American Home Assur. Co.,* 117 AD2d 117).

Here the plaintiff was a company engaged in the sale, servicing and repair of various types of bindery equipment and was covered by comprehensive general liability policy issued by the insurers. In the underlying action against the plaintiff to recover damages for personal injuries, it is alleged that the plaintiff was negligent in the manner in which it did "the servicing and repairing" of the machine it had sold.

When the plaintiff asked the insurers to defend it in the underlying action, the insurers disclaimed any obligation to defend or indemnify, contending there was no coverage under the "completed operations hazard" exclusion in the policy. The facts available to the insurers at the time of their investigation, namely, that the insured had been repairing the machine immediately prior to the accident, coupled with the general allegations in the complaint, gave notice to the insurers at the time of their disclaimer that an act or omission of the plaintiff or its employee may have been a proximate cause of the accident. Whether or not the plaintiff had completed operations under the definitional section of the policy, while relevant to the insurers' obligation to pay, is not decisive on the insurers' duty to defend (see, Kincaid v Simmons, 66 AD2d 428). Therefore, in refusing to provide legal representation to the plaintiff, which had given consideration for this right by paying its premium (see, International Paper Co. v Continental Cas. Co., 35 NY2d 322, supra), the insurers breached their contract of insurance.

We further note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the plaintiff (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.