■ 492 KINGS REALTY, LLC, et al., Plaintiffs, v 506 KINGS, LLC, Defendant/Third-Party Plaintiff-Respondent, and MIDTOWN EQUITIES, LLC, Respondent, et al., Defendants. SCOTTSDALE INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [931 NYS2d 671]—

In May 2006 the defendant 506 Kings, LLC (hereinafter 506 Kings), in connection with the construction of a six-story condominium, entered into an agreement with the third-party defendant Metrotech Construction of New York Corp. (hereinafter Metrotech) to perform underpinning work on adjacent properties. Metrotech obtained commercial general liability insurance coverage from the third-party defendant Scottsdale Insurance Company (hereinafter Scottsdale) for a one-year period ending

June 16, 2007, and named 506 Kings, care of Midtown Equities, LLC (hereinafter Midtown Equities), as an additional insured. On September 14, 2006, an adjacent building owned by the plaintiff 492 Kings Realty, LLC (hereinafter 492 Kings), and leased to the plaintiff Kosher Corner Supermarket, Inc. (hereinafter Kosher Corner), suffered a partial collapse. An investigative report suggested that the collapse was caused by Metrotech's failure to use 24-inch-thick underpinnings. 492 Kings and Kosher Corner commenced this action against, among others, 506 Kings and Midtown Equities (hereinafter together the defendants), seeking, inter alia, to recover damages for injury to their property. 506 Kings, in turn, commenced a third-party action against Metrotech and Scottsdale seeking, among other things, a declaration that Scottsdale is obligated to defend and indemnify 506 Kings in the main action.

The defendants separately moved, in effect, for summary judgment declaring that Scottsdale is obligated to defend them in the main action, and Scottsdale cross-moved, inter alia, for summary judgment declaring that it is not obligated to defend or indemnify 506 Kings or any other party in the main action. The Supreme Court granted the motions and denied the cross motion. We affirm.

"A duty to defend is triggered by the allegations contained in the underlying complaint. The inquiry is whether the allegations fall within the risk of loss undertaken by the insured and, it is immaterial that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007] [internal quotation marks and brackets omitted]; *see Town of Oyster Bay v Employers Ins. of Wausau*, 269 AD2d 387, 388 [2000]).

Here, documentary proof tendered by the defendants in the form of the contract agreement with Metrotech, the summons and complaint in the main action, and the insurance policy Scottsdale issued to Metrotech was sufficient to demonstrate, prima facie, that the defendants were additional insureds under the policy, and that the allegations in the underlying complaint fell within the scope of the risks undertaken by the insurer, Scottsdale (*see Village of Brewster v Virginia Sur. Co., Inc.*, 70 AD3d 1239 [2010]; *City of New York v Philadelphia Indem. Ins. Co.*, 54 AD3d 709 [2008]).

Since the defendants' submissions established their prima facie entitlement to judgment as a matter of law, the burden shifted to Scottsdale to establish the absence of coverage (*see Parsippany Constr. Co., Inc. v CNA Ins. Co.*, 67 AD3d 658, 659

[2009]), which it failed to do. Scottsdale argued that under the terms of an endorsement to the insurance policy, the defendants' status as additional insureds terminated on July 29, 2006, the date Metrotech completed its operations on the subject construction project. Inasmuch as the date of completion predated the collapse, Scottsdale maintained that the defendants no longer qualified as additional insureds and, thus, no duty to defend existed.

Insurance provisions that cover only ongoing operations or, conversely, do not cover completed operations, have routinely been treated as policy exclusions (*see e.g. Liberty Mut. Fire Ins. Co. v E.E. Cruz & Co., Inc.*, 475 F Supp 2d 400, 409 [2007]; *Town of Fort Ann v Liberty Mut. Ins. Co.*, 69 AD3d 1261, 1262-1263 [2010]; *Suburban Bindery Equip. Corp. v Boston Old Colony Ins. Co.*, 150 AD2d 767 [1989]; *Kincaid v Simmons*, 66 AD2d 428, 430-431 [1979]). "To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *see Bovis v Crab Meadow Enters., Ltd.*, 67 AD3d 846, 848 [2009]).

Here, Scottsdale failed to meet its burden of demonstrating that the allegations of the complaint cast the pleadings wholly within a policy exclusion. The allegation by 492 Kings that the property damage arose out of the defendants' negligence in "conducting" the construction project was broad enough to encompass a claim under the policy that an act or omission of Metrotech performed for 506 Kings may be a proximate cause of the injuries, thus triggering a duty to defend (*see Kincaid v Simmons*, 66 AD2d 428 [1979]; *Suburban Bindery Equip. Corp. v Boston Old Colony Ins. Co.*, 150 AD2d 767 [1989]).

Scottsdale's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the separate motions of 506 Kings and Midtown Equities, in effect, for summary judgment declaring that Scottsdale is obligated to defend them in the main action, and denied Scottsdale's cross motion, inter alia, for summary judgment declaring that it is not obligated to defend or indemnify 506 Kings or any other party in the main action.

Since the third-party action is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court,

Kings County, for the entry of a judgment, inter alia, declaring that Scottsdale is obligated to defend 506 Kings and Midtown Equities in the main action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.