OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that defendant’s cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
Plaintiff Metro Health Products, Inc. commenced this action to recover assigned first-party no-fault benefits for medical “services” (actually supplies) provided to its assignor as a result of injuries sustained in an automobile accident. Thereafter, defendant insurer commenced a declaratory judgment action in Supreme Court, Nassau County, against Metro Health Products, Inc. seeking a declaration that Nationwide Insurance was under no obligation to pay any of the outstanding claims mentioned therein. In an order dated December 5, 2012, the Supreme Court stated the following:
“ [Nationwide]’s unopposed motion for a default judgment on this declaratory judgment action pursuant to CPLR § 3215 is granted, there being no opposition.
“Settle judgment on notice.”
Plaintiff subsequently moved, in the instant no-fault action, for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that the instant action was barred by virtue of the Supreme Court’s order. The Civil Court denied plaintiff’s motion and granted defendant’s cross motion “in light of [the] order entered [in] Supreme Court.”
Since the Supreme Court’s December 5, 2012 order in the declaratory judgment action did not make a declaration determining the rights of the parties involved (see Hirsch v Lindor Realty Corp., 63 NY2d 878, 881 [1984] [requiring the court in a declaratory judgment action to make a declaration determining the rights of the parties involved in the dispute]; Lanza v Wagner, 11 NY2d 317, 334 [1962]; Suburban Bindery Equip. Corp. v Boston Old Colony Ins. Co., 150 AD2d 767 *87 [1989]), but rather directed the insurer to settle the judgment on notice (which defendant did not demonstrate that it had done), the order cannot be considered a conclusive final determination. Therefore, the Supreme Court order has no preclusive effect on the instant no-fault action (cf. Vital Meridian Acupuncture, P.C. v Republic W. Ins. Co., 46 Misc 3d 147[A], 2015 NY Slip Op 50222 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Consequently, defendant’s cross motion for summary judgment dismissing the complaint should have been denied. We note that, in any event, the declaratory judgment action apparently only included one of the four claims at issue in the instant no-fault action. We cannot pass on the issue, raised by plaintiff on appeal, of whether the motion made before the Supreme Court in the declaratory judgment action, or for that matter the action itself, is deemed abandoned pursuant to 22 NYCRR 202.48 (a), (b) (see Skeete v Bell, 292 AD2d 371 [2002]).
Plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit submitted in support of its motion failed to establish that the claims at issue had not been timely denied or that defendant had issued timely denial of claims that were conclusory, vague or without merit as a matter of law (see EMC Health Prods., Inc. v Travelers Ins. Co., 47 Misc 3d 133[A], 2015 NY Slip Op 50475[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]). Consequently, plaintiff’s motion for summary judgment was properly denied.
Accordingly, the order is modified by providing that defendant’s cross motion for summary judgment dismissing the complaint is denied.
Elliot, J.P., Pesce and Solomon, JJ., concur.