Active Chiropractic, P.C., as Assignee of Kareem Mills, Respondent, 
against
21st Century Ins. Co., Appellant.




Law Offices of Buratti, Rothenberg & Burns (Elke E. Mirabella and Joelle Roberts), for appellant.
Zara Javakov, P.C. (Zara Javakov and Adam Waknine), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered November 18, 2015. The order granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
Prior to the commencement of this action by a provider to recover assigned first-party no-fault benefits, defendant brought a declaratory judgment action in the Supreme Court, New York County, against, among others, plaintiff herein and its assignor. Thereafter, defendant, asserting that plaintiff and the assignor had failed to answer the complaint, moved in the Supreme Court for, among other things, the entry of a default judgment. By order dated December 8, 2014, the Supreme Court stated that an unrelated branch of defendant's motion was denied and that the "remainder of the motion [wa]s granted without opposition." After the instant action was commenced in the Civil Court, plaintiff moved for summary judgment. Relying on the Supreme Court's order, defendant cross-moved in the Civil Court for summary judgment dismissing the complaint on the ground that plaintiff's action is barred by the doctrines of res judicata and collateral estoppel. Defendant appeals from the order of the Civil Court entered November 18, 2015 which granted plaintiff's motion and denied defendant's cross motion. 
Inasmuch as defendant raises no issue on appeal with respect to plaintiff's establishment [*2]of its prima facie entitlement to summary judgment, we do not pass upon the propriety of the Civil Court's determination with respect thereto. 
With respect to defendant's cross motion, as the December 8, 2014 Supreme Court order in the declaratory judgment action merely granted the branch of defendant's motion for the entry of a default judgment against plaintiff and its assignor, but failed to make a statement declaring the rights of the parties involved (see Hirsch v Lindor Realty Corp., 63 NY2d 878, 881 [1984]; Suburban Bindery Equip. Corp. v Boston Old Colony Ins. Co., 150 AD2d 767 [1989]; Metro Health Prods., Inc. v Nationwide Ins., 48 Misc 3d 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), the Supreme Court order cannot be considered a conclusive final determination and, thus, can have no preclusive effect in the action at bar (see Promed Orthocare Supply, Inc. v AIG Advantage Ins. Co., 50 Misc 3d 128[A], 2015 NY Slip Op 51886[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. Vital Meridian Acupuncture, P.C. v Republic W. Ins. Co., 46 Misc 3d 147[A], 2015 NY Slip Op 50222[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). 
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018