Jamaica Wellness Medical, P.C., as Assignee of Shantall Smith, Appellant,
against
Mercury Casualty Co., Respondent.




Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard Montelione, J.), dated May 27, 2016. The order granted an unnoticed (see CPLR 2211) motion by defendant to dismiss the complaint.




ORDERED that, on the court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CCA 1702 [a] [2]; [c]); and it is further,
ORDERED that the order is reversed, with $30 costs, and defendant's motion to dismiss the complaint is denied.
After plaintiff, Jamaica Wellness Medical, P.C. (Jamaica), commenced this action to recover assigned first-party no-fault benefits, defendant, Mercury Casualty Co. (Mercury), brought a declaratory judgment action in the Supreme Court, Nassau County, against Jamaica and its assignor herein, among others, seeking a declaration that, among other things, Mercury has no duty to provide coverage for claims arising out of the accident at issue. Although Jamaica served an answer in the Supreme Court action, its assignor did not appear, and, as a result, Mercury moved in the Supreme Court, pursuant to CPLR 3215, for a default judgment against the assignor. In its order dated March 23, 2016, the Supreme Court noted that Mercury had commenced an action for declaratory relief and that the assignor had failed to file an answer. [*2]Consequently, the Supreme Court granted the unopposed motion to enter a default judgment against the assignor. Shortly thereafter, Mercury moved in the Civil Court to dismiss the present complaint on the ground that, in view of the March 23, 2016 Supreme Court order, Jamaica's action is barred by the doctrine of res judicata. Jamaica opposed Mercury's motion. Jamaica appeals from an order of the Civil Court, dated May 27, 2016, which granted Mercury's motion. 
Upon a review of the record, we find that, as the March 23, 2016 Supreme Court order in the declaratory judgment action merely awarded a default judgment to Mercury against Jamaica's assignor, but did not declare the rights of Mercury as against Jamaica (see Hirsch v Lindor Realty Corp., 63 NY2d 878 [1984]; Suburban Bindery Equip. Corp. v Boston Old Colony Ins. Co., 150 AD2d 767 [1989]; Metro Health Prods., Inc. v Nationwide Ins., 48 Misc 3d 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), the Supreme Court order cannot be considered a conclusive final determination of Jamaica's rights and, thus, can have no preclusive effect on the no-fault action at bar (see Promed Orthocare Supply, Inc. v AIG Advantage Ins. Co., 50 Misc 3d 128[A], 2015 NY Slip Op 51886[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. Vital Meridian Acupuncture, P.C. v Republic W. Ins. Co., 46 Misc 3d 147[A], 2015 NY Slip Op 50222[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; EBM Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Consequently, the Civil Court should not have dismissed the complaint based on the Supreme Court order. In light of the foregoing, we reach no other issue.
Accordingly, the order is reversed and defendant's motion to dismiss the complaint is denied.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2018