Queens Org., LLC v First Am. Tit. Ins. Co. (2019 NY Slip Op 03640)





Queens Org., LLC v First Am. Tit. Ins. Co.


2019 NY Slip Op 03640


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-13222
 (Index No. 711114/15)

[*1]Queens Organization, LLC, appellant, 
v
First American Title Insurance Company, respondent.


Steven Wimpfheimer, Whitestone, NY (Ginsburg & Misk LLP and Christopher Clarke of counsel), for appellant.
Thomas G. Sherwood, LLC, Garden City, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of a title insurance policy, the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered December 14, 2016. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of a title insurance policy (hereinafter the policy) issued in connection with real property (hereinafter the property) located in Flushing, Queens. The plaintiff seeks to recover legal fees incurred by it in defending an action entitled Estate of Washington v Queens Organization, LLC, commenced in the Supreme Court, Queens County, under Index No. 20504/13 (hereinafter the underlying action). The underlying action was ultimately dismissed on the merits.
In the order appealed from, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint and granted the cross motion of the defendant, First American Title Insurance Company (hereinafter First American), for summary judgment dismissing the complaint. The court concluded that First American properly denied the plaintiff coverage in connection with the underlying action because the allegations of the underlying complaint fell entirely within a policy exclusion. The plaintiff appeals.
"A duty to defend is triggered by the allegations contained in the underlying complaint" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714). "An insurer's duty to defend is broader than the duty to indemnify and arises whenever the allegations of the complaint against the insured, liberally construed, potentially fall within the scope of the risks undertaken by the insurer" (Salt Constr. Corp. v Farm Family Cas. Ins. Co., 120 AD3d 568, 569; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d at 714). " If any of the claims against [an] insured arguably arise from covered events, the insurer is required to defend the entire action'" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443, quoting Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175). Nonetheless, "an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis [*2]on which it might eventually be obligated to indemnify its insured under any policy provision" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45; see Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068, 1070).
Here, in support of its motion for summary judgment on the complaint, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating that First American breached the title insurance policy in refusing to defend the plaintiff in the underlying action. Moreover, in support of its cross motion for summary judgment dismissing the complaint, First American met its burden of demonstrating that the allegations of the underlying complaint cast the pleadings wholly within an exclusion of the policy. The complaint in the underlying action alleged that the plaintiff and/or its principal recorded a deed that had been fraudulently altered, conveying a 50% interest in the property to the plaintiff. Exclusion 3(a) of the policy provides that coverage is excluded for "(d)efects, liens, encumbrances, adverse claims, or other matters . . . created, suffered, assumed, or agreed to by the Insured Claimant." First American demonstrated that the allegations of the underlying complaint fell entirely within an exclusion of the policy, the exclusion is subject to no other reasonable interpretation, and there is no possible factual or legal basis upon which First American may eventually be held obligated to indemnify the plaintiff under any policy provision (see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d at 175; 492 Kings Realty, LLC v 506 Kings, LLC, 88 AD3d 941, 943; Exeter Bldg. Corp. v Scottsdale Ins. Co., 79 AD3d 927, 929). In opposition, the plaintiff failed to raise a triable issue of fact (see Property Hackers, LLC v Stewart Tit. Ins. Co., 96 AD3d 818, 819; St. Luke's Pentecostal Church, Inc. v Stewart Tit. Ins. Co., 37 AD3d 702).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the complaint and granting First American's cross motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court